IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TOMIKA DELAINE,            ) | |
|     Plaintiff,                     ) | |
| ) | CIVIL ACTION FILE NO: |
| ) | |
| vs                                       ) | |
| CARRABBA'S                    ) | |

COMPLAINT FOR DAMAGES

    NOW COMES the Plaintiff, TOMIKA DELANE, by her attorneys, The Wade & Bradley Firm, and Nathan J. Wade complaining of the Defendant, CARRABBA'S, (hereinafter referred to as "CARRABBA'S"), states as follows:

1. On and prior to May 6, 2017, the Plaintiff, Tomika Delaine, was a resident within the City of Atlanta, County of Fulton, State of Georgia.

2. On or about May 6, 2017, the Defendant, Carrabba's, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premise located at 1887 Mount Zion Road, Morrow, Georgia 30260.

3. The Defendant, Carrabba's, is a foreign corporation doing business in the State of Georgia and service of process is requested at 1887 Mt. Zion road, Morrow, Georgia 30260

4. The foregoing action is properly removeable to this Court pursuant to 28 U.S.C. § 1441 (a), 28 U.S.C. § 1446(a) and (b) and, in accordance with 28 U.S.C. § 1332 (a), there being diversity of citizenship between plaintiff and defendant and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. The amount in controversy is established, inter alia, by the claim for medical expenses in excess of $1,326.51 set forth in her prayer relief in the Complaint.

5. That the Plaintiff, Tomika Delaine, avers that her cause of action arises in tort out of personal injuries and damages.

6. On or about May 6, 2017, the Plaintiff, Tomika Delaine was lawfully and rightfully on the premises of Defendant Carrabba's, a restaurant which serves beverages and gourmet food products such as the subject lemon which was in the client's beverage and the product reached Plaintiff in the same condition as it was at the time of the sale; further, Plaintiff in no way is guilty of any fault contributing to her injuries.

7. That the Plaintiff purchased dinner and dessert and ordered water in which the server placed lemon and broken glass when Plaintiff was consuming dinner and dessert, she and a friend sat at the nearest available table inside the restaurant and began to dine. After consuming a portion of the product, plaintiff bit into the lemon, which was in the glass of water.

8. That Carrabba's negligently and carelessly failed to monitor its product, which in this instance was contaminated with glass.

9. That plaintiff suffered severe injuries as a result of ingesting the glass served to her by defendant, Carrabba's.

10. That as a result of the glass injuries, Plaintiff Delaine sought medical attention and was informed by her attending physician that she had severe lacerations internally.

11. That at all times Defendants were aware of the dangerous condition of the lemon inherent in serving it with glass inside of it; they knew of the likely consequences of such acts; they knew of the risks involved and acted with a conscious indifference and willful and want or disregard for the safety of Plaintiff and any other consumer of the product. That as a direct and proximate result of Defendant's negligence, Plaintiff was caused to suffer severe injuries, scaring, deformities and disabilities.

12. That Plaintiff avers that Defendant Carrabba's was negligent in that it committed the following acts of negligence to wit:

a. In negligently and carelessly failing to supervise its agents, servant and or employee in carrying out his/her duties as it is reasonably and prudently required.

b. In negligently and carelessly failing to properly train its agent, servant and or employee defendants in the sage and proper manner to serve beverages without contamination.

c. In negligently and carelessly allowing an employee to serve patrons beverages contaminated with glass.

d. In negligently and carelessly failing to monitor its product, which in this instance was contaminated with glass.

e. In negligently and carelessly failing to properly inspect the beverage as prescribed prior to serving it to Plaintiff.

13. Plaintiff avers that all of the above acts on the part of the Defendant were the direct and proximate cause of the incident and the Plaintiff's resulting injuries and damages.

14. That the Plaintiff Delaine would further aver that Defendant Carrabba's breached its duty of reasonable care to plaintiff by serving a contaminated beverage in an unsafe condition. Moreover, that Plaintiff's injuries were foreseeable and the direct and proximate cause of Defendant's negligence.

15. Plaintiff further avers that as a direct and proximate result of the aforesaid acts of negligence on the part of the Defendant that Plaintiff was caused to suffer injuries and damages to-wit:

a. Severe and permanent injuries including but not limited to injuries to her tongue, mouth, esophagus, and oral cavity;

b. Great physical pain and mental anguish;

WHEREFORE, the Plaintiff, Tomika Delaine, prays:

a. That she obtain a judgment against the Defendant, Carrabba's, because as a result of the negligent behavior in serving the contaminated beverage product consumed, Plaintiff sustained injury .. The internal lacerations were of such severity as to cause enormous conscious pain and suffering, mental anguish, and loss of life's enjoyment, for which she seeks damages.  The forgoing treatment caused Plaintiff to incur medical expenses in the past, at the present, and into the reasonable foreseeable future as follows: (a) past medical expenses are approximately $1,326.51; (b) future medical expenses will be incurred. That Plaintiff obtain a judgment in the amount of $500,000.00 thereby adequately compensating the Plaintiff for her injuries, losses for special and general damages as herein above alleged, costs of suit;

b. That she obtain judgment against the Defendant for punitive damages;

c. And any further relief which this Honorable Court finds fair and just.

This 24th day of April, 2018..

Respectfully submitted,

_____

Nathan J. Wade
Georgia Bar No. 390947
Attorney for Plaintiff
2000 Powers Ferry Rd, Suite 110
Marietta, Georgia 30067
770.303.0700 (T)
770.303.0707 (F)